UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-1202-SVW-KK** | Date: | February 21, 2019 |

Title: *Raymond Alford Bradford v. Darnell Mebane, et al.*

---

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why Plaintiff's Request To Proceed <u>In Forma Pauperis</u> Should Not Be Denied

On February 10, 2019, Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding <u>pro se</u>, constructively filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") and California law against Correctional Lieutenant D. Mebane, Sergeant J. Medina, Lieutenant K. Graves, Captain M. Stratman, Sergeant T. Smith, Sergeant A. Banks, Appeals Coordinator M. Farham, Property Officer L. Grant, Property Officer D. Shephard, Investigator M. Bean, and Investigator C. King ("Defendants") in their individual and official capacities. ECF Docket No. ("Dkt.") 1. The allegations in the Complaint concern Defendants attacking Plaintiff during two cell extractions in August and October 2018, Defendants' fraud in a disciplinary citation, Defendants' failure to protect during the two cell extractions, and Defendants' taking of Plaintiff's legal documents such that Plaintiff missed court deadlines. <u>Id.</u>

In his Complaint, Plaintiff appears to request to proceed <u>in forma pauperis</u>. Dkt. 1 at 13. However, pursuant to 28 U.S.C. § 1915(g) (also known as the "three strikes provision"), a prisoner is prohibited from "bring[ing] a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the record of actions filed by Plaintiff in United States District Courts in California reveals that Plaintiff filed three or more actions or appeals that were dismissed as

frivolous, malicious or for failing to state a claim upon which relief may be granted (i.e. "strikes"). The Court takes judicial notice of six such cases:
- Bradford v. White, et al., 2:98-cv-00180-FCD-JFM (E.D. Cal., June 3, 1999), dkt. 15 (dismissing for frivolousness and as barred by the statute of limitations);
- Bradford v. Terhune, 1:04-cv-05496-AWI-DLB (E.D. Cal., Oct. 21, 2004), dkt. 18 (dismissing for failure to state a claim);
- Bradford v. Grannis, 2:05-cv-00862-FCD-DAD (E.D. Cal., Sept. 30, 2005), dkt. 14 (dismissing for frivolousness and failure to state a claim);
- Bradford v. Superior Court of California, County of Kings, 1:07-cv-01031-OWW-LJO (E.D. Cal., Aug. 21, 2007), dkt. 5 (dismissing for frivolousness);
- Bradford v. Amaya, 1:08-cv-00211-OWW-GSA (E.D. Cal., Apr. 17, 2008), dkt. 6 (dismissing for failure to state a claim); and,
- Bradford v. Terhune, et al., 1:04-cv-05261-LJO-SMS (E.D. Cal., May 9, 2008), dkt. 35 (dismissing for failure to state a claim).

In addition, Plaintiff fails to allege he is under imminent danger of serious physical injury.

Consequently, it appears to the Court that Plaintiff is precluded from proceeding in forma pauperis under Section 1915(g). Accordingly, the Court **HEREBY ORDERS within thirty (30) days** of the date of this Order Plaintiff SHALL:

(1) **SHOW CAUSE** in writing why the Court should not deny Plaintiff in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee; and
(2) File a completed Request to Proceed Without Prepayment of Filing Fee using the CV-73P form, including attaching a certified copy of his inmate trust account statement.

Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Plaintiff's convenience if Plaintiff chooses to voluntarily dismiss the action.

Plaintiff is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed without prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**